Dear Mr. Nelson:
Your inquiry of recent date addressed to Attorney General William J. Guste, Jr. has been directed to me for attention and reply.
I understand your two questions are as follows:
1. May an elected school board member concurrently serve as an assistant attorney general? and;
2. May a member of the legislature concurrently hold employment with a district indigent defender board as an assistant indigent defender?
1. With regard to your first question, please be advised that a school board is a local political subdivision (R.S. 42:62
(9)) and that the Office of Attorney General is an agency of the state of Louisiana.
Under Louisiana's Dual Officeholding and Dual Employment Law the applicable section to your question is contained in R.S.42:63D which reads in pertinent part as follows:
No person holding an elective office in a political division of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state or in the same political subdivision in which he holds an elective office. . . .
The Office of Assistant Attorney General is considered an appointive office. LA. Constn. Art. 4 Sec. 8) If the position of assistant attorney general is a full-time appointive position the concurrent holding of the two offices in question would be prohibited by R.S. 42:63D. Full-time and part-time is defined by the dual officeholding law at R.S. 42:62 (4) and (5): Part-time is defined is a period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this section as full-time; Full-time is defined as at least seven hours per day of work and at least thirty-five hours per week of work.
2. With regard to your second question, a member of the legislature, of course, is an elected office in the legislative branch of state government, and a district indigent defender board is a local political subdivision under R.S. 42:62 (9).
Although R.S. 15:145 uses both, the words "employed" and "appointed", it is our opinion that an assistant indigent defender hired by the board would be considered an employee of the district indigent board, whereas an indigent defender named by a judge or from a list on a case to case basis would be considered an appointment.
Therefore, whether full-time or part-time, the Office of Assistant Indigent Defender is considered an employment and thus prohibited by R.S. 42:63C.
In conclusion, it is the opinion of our office that an elected school board member may concurrently serve only as a part-time appointive assistant attorney general and not full-time; and further, an elected member of the legislature may not concurrently be employed as an assistant indigent defender with a district indigent board.
If you have any further questions regarding this matter please contact our office.
Sincerely,
Harry H. Howard Spec. Assist. Attorney General